

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2006

# Purwanti v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1439

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Purwanti v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1257.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1257

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

Nos. 05-1439, 05-2112

————

PENI PURWANTI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

————

Petition for Review of an Order
of the Board of Immigration Appeals
(INS No. A95-429-650)
Immigration Judge: Honorable R. K. Malloy

————

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2006

Before: SLOVITER, AMBRO and MICHEL*, Circuit Judges

(Filed: April 18, 2006)

————

OPINION

SLOVITER, Circuit Judge.

_____

* Hon. Paul R. Michel, Chief Judge of the United States
Court of Appeals for the Federal Circuit, sitting by designation.

Peni Purwanti appeals the denial of her application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). The Immigration Judge ("IJ") found that Purwanti's testimony failed to establish that she had a well-founded fear of persecution, that it was more likely than not that she would be persecuted upon returning to Indonesia, or that anyone would "be interested in torturing her." App. at 21. The Board of Immigration Appeals ("BIA") affirmed, finding that most of the incidents reported by Purwanti "including robbery, . . . knocking her off of her bike prior to stealing it, and acts of vandalism, are events which transpire without regarding [sic] to a person's race/ethnicity or religion." App. at 3. Purwanti filed a motion for reconsideration which was denied. She filed a petition for review of the final order of removal issued by the BIA as well as of the denial of her motion for reconsideration, which were consolidated.

On appeal, Purwanti contends that the IJ made numerous errors of law which the BIA erroneously affirmed, and that the IJ violated her due process rights. She also argues that the BIA's denial of her motion to reconsider was an abuse of discretion.

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). Where, as here, the Board adopts the opinion of the IJ, we review the decision of the IJ. We review the IJ's opinion to see if it is supported by substantial evidence. Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . ." Id.

2

at 248. We review the BIA's denial of Purwanti's motion for reconsideration for abuse of discretion. Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 2002). We review Purwanti's due process claim de novo. Dipeppe v. Quarantillo, 337 F.3d 326, 332 (3d Cir. 2003).

Peni Purwanti is an ethnic Chinese and practicing Catholic who is a native and citizen of Indonesia. She claimed that she suffered persecution on the basis of her religion and ethnicity. She testified as follows: she was forced to practice Islam for three years in high school; native Indonesians would come to her father's store and force him to give them money under threat of violence; she was robbed; she was frightened by students who chased a bus she was riding; she ran a successful comforter and clothing business out of her home that was harmed by native Indonesians who would vandalize her customers' cars; she was knocked off her motorcycle and her motorcycle was stolen; and an exhibition she attended to display her comforters and clothing, and which was attended primarily by other ethnic Chinese, was burned down by native Indonesians.

"An asylum applicant must prove that she suffered past persecution or has a well-founded fear of future persecution on account of one of five enumerated grounds: race, religion, nationality, membership in a particular social group, or political opinion." Lie v. Ashcroft, 396 F.3d 530, 535 (3d Cir. 2005) (internal quotations and citations omitted). The BIA and this court have defined persecution to include conduct or conditions "so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). "[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id. at 1240.

3

Because the threshold for establishing eligibility for withholding of removal is higher than that for establishing entitlement to asylum, an applicant who does not qualify for asylum necessarily does not qualify for withholding of removal. Guo v. Ashcroft, 386 F.3d 556, 561 n.4 (3d Cir. 2004).

To qualify for relief under the CAT, an applicant bears the burden of proving through objective evidence that "it is more likely than not" that he or she would be "tortured" in the country to which the applicant would be removed. Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)).

The IJ and BIA found that Purwanti was ineligible for asylum because, inter alia, she failed to establish that she had been persecuted. This conclusion is supported by substantial evidence. While she was the unfortunate victim of numerous crimes, none of these rose to the level of persecution. As noted by the IJ, Purwanti was the victim of attacks by native Indonesians on people who "appear to have some form of wealth." App. at 19. "[O]rdinary criminal activity does not rise to the level of persecution necessary to establish eligibility for asylum." Abdille, 242 F.3d at 494.

Because we find that Purwanti was not persecuted, we need not address her claim that the IJ and BIA "misapplied the law regarding the required level of governmental involvement required for an act to constitute persecution." Appellant's Br. at 16.[1]

---

[1]Purwanti also challenges the IJ and BIA's conclusions that she failed to establish a nexus between her persecution and a protected ground. This finding is supported by substantial evidence. Even if the crimes against Purwanti amounted to

Purwanti contends her due process rights were violated because she was not permitted to testify to her high school experiences which occurred over twenty years prior to her departure from Indonesia. The Supreme Court has held that the Fifth Amendment entitles aliens to due process of law in removal proceedings. Reno v. Flores, 507 U.S. 292 (1993). "Due process requires that a court afford an applicant a meaningful opportunity to be heard and a reasonable opportunity to present evidence on her behalf." Giday v. Gonzales, 434 F.3d 543, 547-48 (7th Cir. 2006). Here, the fact that Purwanti's testimony regarding high school was curtailed did not deprive her of a meaningful opportunity to be heard. She was permitted to testify extensively to more recent and relevant events and the IJ acted permissibly in excluding the more remote testimony. Moreover, the IJ had an opportunity to consider the incidents in high school because Purwanti had submitted testimony regarding these incidents in her affidavit for asylum.

Purwanti also claims that the BIA abused its discretion when it denied her motion to reconsider. "We will disturb the BIA's denial of a motion to reopen or to reconsider only if it was arbitrary, irrational, or contrary to law." Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (quotation marks and citations omitted). In her application for

persecution, she offered minimal evidence that those crimes were committed because of her ethnicity and religion. For example, she could not identify the individuals who burned the exhibition nor explain their motivations. Moreover, her mother and sister are practicing Catholics who still live in Indonesia. She also claims relief under the CAT. Because she has offered no evidence that she would be tortured, that claim has no merit.

reconsideration, Purwanti raises claims identical to those at issue here.[2]  We conclude that

the BIA's denial was a correct application of relevant law and therefore was neither

arbitrary nor contrary to law.

 For the foregoing reasons, the petition for review will be denied.

---

[2] In addition, Purwanti contended that her case should be reconsidered because the IJ had failed to make a credibility determination.  Where no determination has been made regarding credibility, we assume a petitioner is credible. Kayembe v. Ashcroft, 334 F.3d 231, 235 (3d Cir. 2003). Therefore, her contention was meritless and the BIA correctly denied her motion.